OPINION
The Alcohol, Drug Addiction and Mental Health Services Board for Montgomery County, Ohio (adamhs board) appeals from a judgment of the probate court which (1) overruled its two objections to a decision of the court's magistrate to dismiss an involuntary hospitalization case involving Angela Washington and (2) "confirmed" the magistrate's decision.
The adamhs board presents its assignment of error and issue for review as follows:
 1. THE TRIAL COURT ERRED IN APPLYING THE PHYSICIAN-PATIENT PRIVILEGE TO COMMUNICATIONS BETWEEN AN INVOLUNTARY PATIENT HOSPITALIZED PURSUANT TO R.C. CHAPTER 5122 AND HER TREATING PHYSICIAN WHO IS ALSO THE EXAMINING PHYSICIAN.
 The physician-patient privilege does not extend to communications between an involuntary patient hospitalized pursuant to R.C. Chapter 5122 and her treating psychiatrist who is also the examining physician.
The facts are not in dispute. Angela Washington was admitted to the Good Samaritan Hospital emergency room February 6, 2001. On February 13, 2001, Dr. Jerome J. Schulte, described by the court as Washington's "treating and examining psychiatrist" filed an affidavit pursuant to R.C. 5122.11, asserting that Washington was a mentally ill person subject to hospitalization by court order. The case was scheduled for "a combined initial and full hearing" pursuant to R.C. 5122.15 on February 15, 2001, at which time counsel for the adamhs board presented two lay witnesses and Patricia Mickunas, M.D., a psychiatry resident assisting Dr. Schulte with Washington's case. Dr. Mickunas stated that she considered herself to be a treating physician as to Washington, that she had received confidential information from Washington, that she was assisting Dr. Schulte in formulating a treatment plan, and that she had a physician-patient relationship with Washington.
Washington, by counsel, objected to any further testimony by Dr. Mickunas, and to the anticipated testimony of Dr. Schulte, on the basis of the physician-patient privilege, and the magistrate sustained the objection. Counsel for the adamhs board then moved, pursuant to R.C.5122.14, for the appointment of an "independent evaluator." The magistrate overruled that motion because it was untimely. Determining that the adamhs board had failed to establish that Washington was a mentally ill person subject to hospitalization by court order, the magistrate dismissed the case.
In essence, the adamhs board, supported by two amici curiae, contends that the probate court erred in failing to distinguish between voluntary and involuntary hospitalization and in reading too much into In reMiller (1992), 63 Ohio St.3d 99 and In re Wieland (2000), 89 Ohio St.3d 535
at the expense of In re Winstead (Summit 1980), 67 Ohio App.2d 111. The adamhs board claims that In re Winstead, which expressly deals with involuntary hospitalization, should control this case.
We do not reach the merits of the adamhs board's assignment of error in this appeal. This is because counsel for the adamhs board, at the February 15 hearing, conceded that the doctors' testimony was subject to the physician-patient privilege:
 THE COURT: Let's do this, Ms. Stewart. Do you have any response to his (counsel for Washington) contention that the testimony of Dr. Mickunas, and the potential testimony of Dr. Schulte, is privileged communication? Do you have a question regarding that particular aspect of this?
 MS. STEWART: No. I believe it is privileged communication.
Having conceded in the hearing before the magistrate that the privilege applied, the adamhs board cannot here assert that it did not.
As counsel for the adamhs board recognized at the hearing, the claim of privilege as to treating physicians can be accommodated by the appointment of an independent evaluator pursuant to R.C. 5122.14. In future cases, prompt resort to R.C. 5122.14 should be considered. Counsel for the adamhs board explained to the magistrate the problem with obtaining the testimony of an independent evaluator:
 First, in this county up until this point in time, we do not have a process for the independent evaluator who can also appear to testify in court; number one.
 Second, it is unclear in the statute if the probate court should do it on its own motion or if the board should do it. The statute's not clear.
Be that as it may, the adamhs board should attempt to work with the probate court to develop a protocol for timely appointment of independent evaluators if the claim of privilege is a recurring problem. The adamhs board might also seek a legislative remedy, i.e., exempting testimony such as the adamhs board sought to elicit here from the operation of R.C. 2317.02.
In any event, for the reason stated above, we overrule the assignment of error.
The judgment will be affirmed.
FAIN, J. and YOUNG, J., concur.